**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

ELWYN GRAHAM,                                                                    PLAINTIFF
ADC # 085527

v.                                          4:26CV00450-LPR-JTK

WELLPATH, LLC, et al.                                                         DEFENDANTS

**ORDER**

Elwyn Graham ("Plaintiff") is in custody at the Larry B. Norris Unit of the Arkansas

Division of Correction ("ADC").   He filed a Complaint pursuant to 42 U.S.C. § 1983 without the

help of a lawyer and paid the $405 filing and administrative fee to commence this action.   (Doc.

Nos. 1, 10).   The Prison Litigation Reform Act ("PLRA") requires federal courts to screen

prisoner complaints seeking relief against a governmental entity, officer, or employee, regardless

of fee status.   28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375 (8th Cir. 2000) (per curiam)

(§ 1915A's screening requirement applies regardless of fee status).

**I.      Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a

governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a

complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or

malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief

from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing

pro se, his complaint must allege specific facts sufficient to state a claim.   Martin v. Sargent, 780

F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II.     Discussion

### A.     Plaintiff's Complaint

Plaintiff filed a Complaint, an Amended Complaint, and a Notice. (Doc. Nos. 1, 4, 8). As the Court of Appeals for the Eighth Circuit has indicated, pleadings should be read together and construed so as to do justice. Kiir v. N. Dakota Pub. Health, 651 F. App'x 567, 568 (8th Cir. 2016); Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam). Accordingly, the Court will treat Plaintiff's allegations (Doc. Nos. 1, 4, 8) as if set out in one Complaint.

As Plaintiff explains it, this lawsuit "is all about money"—deliberate indifference to serious medical needs as a way to cut costs for WellPath, LLC. (Doc. No. 1 at 2, 7). In his original Complaint, Plaintiff did not identify any Defendant But Plaintiff made allegations of fact against WellPath, LLC and Advance Practice Nurse ("APN") Lonell O. Seamster. (Id. at 1-2, 5-8). Plaintiff asserts that WellPath provides APNs a bonus when they discontinue medication, medical treatments, and medical aids that have been prescribed by a doctor. (Id. at 1).

Plaintiff is "a 70-year old man who has suffered two heart attacks [and is] a chronic care patient." (Id. at 2). According to Plaintiff, Seamster discontinued every prescription a medical doctor had prescribed him. (Id.). Plaintiff says Seamster denied him medications, braces, shoes,

and more.  (Id. at 7, 8).  Plaintiff describes Seamster as "a very arrogant, pompous, egotistical, malpractice, incompetent, racist man."  (Doc. No. 1 at 2).

Plaintiff recently learned he suffers from Hepatitis C.  (Id. at 7).  He says he needs help to make WellPath treat him for the disease.  (Id.).

In his Notice, Plaintiff again alleges that WellPath is denying medical treatment to save the company money.  (Doc. No. 4).

In his Amended Complaint, Plaintiff added ADC Director Dexter Payne's name in the style of the case but made no allegations of fact against Payne.  (Doc. No. 8).  Plaintiff named Seamster and WellPath, LLC Infirmary Manager Ryan Flemmons as Defendants in their personal and official capacities.  (Id. at 1-2).  Plaintiff made no allegations of fact against Flemmons. Plaintiff alleges Defendant Seamster denied him any type of treatment, from braces and shoes to medication for Hepatitis.  (Id. at 4-6, 9).  And Defendant Seamster intentionally misdiagnosed Plaintiff's knee problem several years ago.  (Id.).  Plaintiff continues to allege that Defendant Seamster denies him medical care to cut costs for WellPath.  (Id. at 5-6).  Plaintiff does not want to be treated by Defendant Seamster but WellPath forces Plaintiff to see Seamster for his medical needs.  (Id.).

Plaintiff characterizes his experience as a "very long series of events of malpractice, incompetence, willful neglect, lies told, racism, retaliation, vindictiveness, and threats" by Defendant Seamster.  (Doc. No. 8 at 4).  Plaintiff seeks damages and injunctive relief for the alleged violation of his rights.  (Id. at 7).

**B.      Plaintiff May Not Represent the Claims of Others**

"[F]or a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm."  Hollingsworth v. Perry, 570 U.S. 693, 704 (2013).  See also 42 U.S.C. § 1983 (establishing liability "to the party injured).  To the

extent a plaintiff alleges that a defendant's actions harmed others, the plaintiff generally lacks standing to bring that claim. Hodak v. City of St. Peters, 535 F.3d 899, 904 (8th Cir. 2008) ("As a general rule, a plaintiff may only assert his own injury in fact and 'cannot rest his claim to relief on the legal rights or interests of third parties.'" (internal citation omitted)).

Further, pro se litigants are not authorized to represent the rights, claims and interests of other parties in any cause of action, including a class action lawsuit. Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); cf. Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity.").

Plaintiff's pleading references Defendant Seamster being responsible for harm to other inmates. But Plaintiff may pursue only his own claims in this case. To the extent Plaintiff seeks to bring claims on behalf of other inmates, those claims fail.

### C.    Defendants Payne and Flemmons

Plaintiff identified Payne and Flemmons as Defendants but made no allegations of fact against them. Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). As such, Plaintiff's claims against these Defendants fail.

### D.    Deliberate Indifference to Serious Medical Needs by Defendant Seamster

Plaintiff alleges Defendant Seamster was deliberately indifferent to Plaintiff's serious medical needs. These claims are sufficient to survive screening under the PLRA.

### E.    Neglect, Malpractice, Racism, and Retaliation

Plaintiff says he experienced neglect, malpractice, racism, and retaliation by Defendant Seamster. "Mere negligence is not sufficient to support a cause of action under § 1983." Davis

v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).   Plaintiff provided no further allegations of fact to explain his malpractice, racism, and retaliation claims against Defendant Seamster. Consequently, to the extent Plaintiff intended to raise these separate claims, the claims fail.

Plaintiff may add factual allegations in a superseding Second Amended Complaint if he wishes to do so.

### F.    Superseding Second Amended Complaint

Plaintiff may amend his pleadings to cure the defects explained above.   If Plaintiff decides to amend, Plaintiff should submit to the Court, within 30 days of the entry date of this Order, a superseding Second Amended Complaint that contains in a single document his claims against all Defendants he is suing.   This means that if he files a Second Amended Complaint, Plaintiff must repeat his allegations against Defendant Seamster in the Second Amended Complaint.

Plaintiff is cautioned that a Second Amended Complaint will render his original Complaint (Doc. Nos. 1, 4, 8) without legal effect.[1]   Only claims properly set out in the Second Amended Complaint will be allowed to proceed.   Therefore, Plaintiff's Second Amended Complaint should: **1) name as a Defendant each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

5

If Plaintiff does not submit a Second Amended Complaint, the Court will serve Plaintiff's deliberate indifference to serious medical needs claims against Defendant Seamster in his personal and official capacities and recommend that all other claims and Defendants be dismissed without prejudice.   28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

## III.   Conclusion

IT IS, THEREFORE, ORDERED that:

1.   If Plaintiff wishes to submit a Second Amended Complaint for the Court's review, he must file the Second Amended Complaint consistent with the above instructions within 30 days of the date of this Order.   If Plaintiff does not submit a Second Amended Complaint, the Court will serve Plaintiff's deliberate indifference to serious medical needs claims against Defendant Seamster in his personal and official capacities and recommend that all other claims and Defendants be dismissed without prejudice.   28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

2.   The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 8th day of June, 2026.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

6